

Opinions of the United
States Court of Appeals
for the Third Circuit

2007 Decisions

6-28-2007

# Peterson v. Bussard

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-4672

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"Peterson v. Bussard" (2007). *2007 Decisions.* Paper 866.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/866

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

ALD-262                                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

NO. 06-4672
_____

MICHAEL U. PETERSON,
                                                    Appellant,

v.

Lt. BUSSARD, Security Lt.; KERRI CROSS, Hearing Examiner;
J. SCEKERS, Deputy Supt.; MS. CHAMBERLAIN, Deputy Supt.;
D.J. WAKEFIELD, Supt.; T. WINGARD, Unit Manager;
ROBERT BITNER, Chief Hearing Examiner

_____

On Appeal From the United States District Court
For the Middle District of Pennsylvania
(D.C. Civ. No. 05-cv-02416)
District Judge: Honorable Sylvia H. Rambo
_____

Submitted on Appellant's Motion for Possible Summary Action
Under Third Circuit LAR 27.4 and I.O.P. 10.6
June 14, 2007

BEFORE:  SLOVITER, CHAGARES AND GREENBERG, Circuit Judges

(Filed : June 28, 2007)

_____

OPINION
_____

PER CURIAM

Appellant, Michael Peterson, timely appeals from the District Court's grant of defendants' Motion to Dismiss.

Peterson is an inmate at the State Correctional Institution in Frackville, Pennsylvania, who filed this action under 42 U.S.C. § 1983 alleging violations of his due process rights in connection to a prison disciplinary proceeding. On May 17, 2005, while incarcerated at the State Correctional Institution at Greensburg, appellant was found to have sold contraband steroids to another inmate. As a result, he was sanctioned with 60 days in disciplinary custody, and the Board of Probation and Parole revoked his constructive parole[1] and imposed nine months of recommit time. His complaint alleged due process violations because he did not receive written notice of the charges at least 24 hours before the hearing, and he was prevented from calling key witnesses. The District Court granted defendants' motion, concluding that appellant had been afforded all due process to which he was entitled. Appellant filed a Motion for Summary Action with this Court arguing that the District Court erred in dismissing his complaint and in refusing him the opportunity to amend.

We exercise jurisdiction pursuant to 28 U.S.C. § 1291, engaging in plenary review of the District Court's dismissals under Rule 12(b)(6). See County Concrete Corp. v. Town of Roxbury, 442 F.3d 159, 163 (3d Cir. 2006). We review the denial of

---

[1] An inmate on "constructive parole" is "at liberty on parole" from one sentence, but remains incarcerated serving a separately-imposed sentence. See Cox v. Bd. Of Probation and Parole, 507 Pa. 614, 619 (1985).

2

leave to amend the complaint for abuse of discretion.  See Anderson v. Ayling, 396 F.3d 265, 271 (3d Cir. 2005); In re Adams Golf, Inc. Securities Litig., 381 F.3d 267, 280 n.13 (3d Cir. 2004).

We find that Peterson's § 1983 claims are barred under Edwards v. Balisok, 520 U.S. 641 (1997).  A finding that he was denied the opportunity to prepare his defense and prevented from calling key witnesses would necessarily imply the invalidity of the sanctions imposed.  Id. at 646-47.  Because these sanctions involved the fact and length of appellant's confinement, rather than simply the conditions of confinement, § 1983 is unavailable unless the sanctions have been "reversed, invalidated, or called into question by a grant of federal habeas corpus relief" or some equivalent state process.  Torres v. Fauver, 292 F.3d 141, 143 (3d Cir. 2002); see also Leamer v. Fauver, 288 F.3d 532, 540-42 (3d Cir. 2002).   Because this bar could not have been overcome by repleading, the District Court did not abuse its discretion in denying leave to amend as futile.

Accordingly, we will summarily affirm the judgment of the District Court. Because we affirm on different grounds, we modify the dismissal to be without prejudice to the refiling of this action should the sanctions relating to the fact and length of confinement be reversed, invalidated, or otherwise called into question.